**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3005
_____

TONY PING YEW,
Executor of Estate of John Y. Wei,
Appellant

v.

ATTORNEY GENERAL NEW JERSEY;
HON. MARY SIOBHAN BRENNAN, J.T.C. Tax Court of New Jersey

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-23-cv-02069)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 19, 2024
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: March 21, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tony Ping Yew appeals pro se from the District Court's order dismissing his complaint. We will affirm.

In May 2019, Yew filed a complaint on behalf of the estate of John Y. Wei in the New Jersey Tax Court seeking an inheritance-tax refund. The Honorable Mary Siobhan Brennan entered summary judgment against him and, when Yew sought reconsideration, advised him that he was not permitted to litigate claims on behalf of Wei's estate without an attorney. Yew sought leave to appeal, but the Appellate Division of the Superior Court and the state Supreme Court denied his requests.

Yew then filed a complaint in the District Court. He claimed that Judge Brennan and the Attorney General of New Jersey had violated his Fourteenth Amendment rights by precluding him from litigating his inheritance-tax claim. By way of relief, Yew asked the District Court to vacate Judge Brennan's summary judgment ruling and remand the matter to "permit [him] to continue his suit as Unrepresented Executor of Estate of John Y. Wei in the State court." Compl. 3, ECF No. 1. He also asked the District Court to vacate Judge Brennan's order denying his recusal motion. The defendants moved to dismiss the complaint on various grounds, including that the District Court lacked jurisdiction under the Rooker-Feldman doctrine and that the defendants were immune from suit. The District Court granted their motion on the latter ground and dismissed Yew's complaint. He appealed.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We may affirm on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

We will affirm the dismissal of the complaint. Yew asked the District Court to review and reject the state Tax Court's rulings and remand the matter to the Tax Court. Contrary to his contention, the District Court lacked jurisdiction to do so. Under the Rooker-Feldman doctrine, federal courts are deprived of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alterations omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Those elements are all present here: Yew lost his claim in the Tax Court on the defendants' motion for summary judgment; he contends that, as a result, he cannot litigate his claim to recover the inheritance-tax refund he sought; the state court's rulings were rendered before Yew commenced this federal action; and Yew invited the District Court to review and reject those rulings. Thus, the District Court lacked jurisdiction over his claims.[2]

We will therefore affirm the District Court's judgment.

---

[2] Under these circumstances, amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).